**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ray Maurice Brown, ) | No. CV 01-2414-PHX-EHC |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Charles Ryan, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |

On May 2, 2003, the Court adopted in full the Report and Recommendation of the Magistrate Judge regarding Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 36 - Order). In the Report and Recommendation (Dkt. 33) filed on March 19, 2003, the Magistrate Judge recommended that the Petition be denied without an evidentiary hearing and dismissed with prejudice as not properly exhausted and procedurally barred. The Court's May 2, 2003 Order (Dkt. 36 - Order) denied the Petition with prejudice. Judgment (Dkt. 37) was entered on May 2, 2003.

On May 27, 2003, Petitioner filed a Notice of Appeal (Dkt. 40) and a Motion for Relief from Judgment (Dkt. 38). On May 30, 2003, the Court denied a Certificate of Appealability (Dkt. 41). Petitioner's Motion for Relief from Judgment was denied as moot (Dkt. 42 - Order) on June 20, 2003. On August 22, 2003, the Court of Appeals for the Ninth Circuit denied Petitioner's request for a Certificate of Appealability (Dkt. 43).

On January 11, 2010, Petitioner filed a "Motion for: Relief from Judgment or Order" (Dkt. 44) which is now pending before the Court. Petitioner appears to be requesting that his habeas case be re-opened and that the merits of his claims be reconsidered. Petitioner argues that he is submitting "more thoroughly that the alleged constitutional violations [have] resulted in a miscarriage of justice to the extent it has resulted in the conviction and imprisonment of the petitioner who is innocent" (Dkt. 44 - Motion at 4). Petitioner's claim of actual innocence is discussed in the Report and Recommendation (Dkt. 33 at 14-15). Petitioner has not asserted grounds in his present motion that justify relief under Fed.R.Civ.P. 60(b).

To the extent Petitioner is seeking leave to file a second or successive habeas application, 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive [habeas] application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner therefore must file his application in the Ninth Circuit Court of Appeals. Petitioner will be provided with the appropriate form for filing an application for leave to file a second or successive petition. Petitioner's "Motion for: Relief from Judgment or Order" (Dkt. 44) will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for: Relief from Judgment or Order" (Dkt. 44) is denied without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide Petitioner with the appropriate form for filing an Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254.

DATED this 17th day of June, 2010.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge

- 2 -