WO

NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ray Maurice Brown,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan et al.,<br><br>    Respondent. | No. CV-01-02414-PHX-DJH<br><br>**ORDER** |

In Petitioner's closed case, pending before the Court is the Report and Recommendation ("R&R") issued by United States Magistrate Judge David K. Duncan[1] (Doc 53.) which addresses Petitioner's Motion for Leave to File an Amended or Supplemental Writ of Habeas Corpus. (Doc. 50). Respondents did not file a response. For the reasons stated herein, the Court fully adopts the R&R in all respects and denies Petitioner's Motion.

**I.    Background**

Although the Magistrate Judge's R&R sets forth the factual and procedural background of this case (Doc. 53 at 1-2), it bears repeating. Petitioner filed his Petition for Writ of Habeas Corpus on December 12, 2001 (Doc. 1). On May 2, 2003, adopting the Magistrate Judge's R&R (Doc. 33), the Court dismissed with prejudice, Petitioner's Petition. (Doc. 36). Petitioner appealed the decision of the Court and his certificate of appealability was denied by the Ninth Circuit on September 2, 2003. (Doc. 43). Some

---

[1] Judge Duncan has since retired and this case was reassigned to United States Magistrate Judge Deborah M. Fine.

seven-years later, on February 26, 2010, Petitioner filed a Motion for Reconsideration re Judgement or Order (Docs. 36 & 37), which the Court denied without prejudice (Doc. 47). In that Order, the Court provided Petitioner the Ninth Circuit form for filing an application for leave to file a second or successive petition, in the event that his motion requested such relief.

On July 1, 2010, Petitioner filed a Motion to Alter or Amend the Judgment (Doc. 48) explaining that he sought the Court to amend its Order dismissing his original petition (Doc. 36) to "without prejudice" to permit him to demonstrate a claim of actual innocence. In denying his Motion, the Court stated "Petitioner's claim of actual innocence was discussed in the Magistrate Judge's Report and Recommendation [and]. . . recommended the finding that Petitioner failed to demonstrate that the alleged constitutional violations resulted in the conviction of an innocent person." (Doc. 49 at 2).

Approximately seven-years later, on August 17, 2017, Petitioner again filed a similar Motion to Amend or Supplemental Writ of Habeas Corpus to "add or supplement his petition with claims of actual innocence. (Doc. 50). Petitioner states that in his original Petition he "did not state or failed to show where a constitutional violation has resulted in the conviction or imprisonment of an innocent person." (Id.). Petitioner invokes Rule 15(a) as the procedural rule that permits his Motion.

**II.     Analysis**

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

Petitioner's only objection to the R&R is the Magistrate Judge's finding that Rule 15(a) allows amendment of a pleading before trial, and does not apply to amendments

after a judgment has been entered. Without more, Petitioner argues that his original 2001 Habeas Petition would be governed under the previous Rule 15. (Doc. 54). Petition also asserts that Rule 15(d) permits supplemental pleadings, therefore, although his original petition was defective, the Court may permit him to supplement his original Petition to state claims of actual innocence. (*Id*. at 2). He further states that should the Court allow it, no prejudice to Respondents would occur as the Court would permit them to respond to his supplemental pleading. This Court disagrees.

First, as noted in the R&R, Fed. R. Civ.P. 60(b), not Rule 15, is the appropriate procedural rule governing Petitioner's Motion because he is seeking relief from the original judgment dismissing his original Habeas Petition. (Doc. 36 & 37). Petitioner sets forth the same argument as in his 2010 Motion to Alter or Amend Judgment, that he be permitted to "more thoroughly [present]. . . that an allegation of constitutional violations resulted in a miscarriage of justice to the extent that it has resulted in the conviction and imprisonment of the petitioner who is innocent." (Doc. 48 at 2). Petitioner also concedes that "he has no new evidence which is required for both Rule 60 motions and applications for leave to file a second or successive habeas [petition]." (Doc. 54 at 6). Petitioner asserts that the original dismissal of his Petition "with prejudice" barred his ability to bring claims of actual innocence.[2] (Doc. 54 at 3).

To support his position, Petitioner cites *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068 (1963), and states that it is the "better course" to permit him to amend his original habeas petition with "profound claims of actual innocence" rather than filing a successive one. (Doc. 54 at 6). Petitioner fails to comprehend that *Sanders* has been superseded by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, and thus, is no longer applicable. *See* 28 U.S.C. §§ 2244(b), 2255(h). The R& R is thus correct that Rule 60(b) is the appropriate governing rule. Petitioner's objection is therefore overruled.

---

[2] Petitioner obviously forgets that he actually filed a certificate of appealability of the Court's dismissal of his Petition with prejudice, which the Ninth Circuit Court of Appeals ultimately denied.

The R&R states that if Petitioner is seeking leave to file a second or successive habeas application, he must once again obtain a certification from the Ninth Circuit authorizing the district court to consider any subsequent habeas petition. (Doc. 53 at 3). The Court agrees.

**III. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Magistrate Judge's R&R (Doc. 53) is accepted and adopted in all respects. Petitioner's Objections (Doc. 54) are overruled.

**IT IS ORDERED** denying Petitioner's Motion for Leave to File an Amended or Supplemental Writ of Habeas Corpus (Doc. 50).

**IT IS FURTHER ORDERED** that Petitioners Motion for Judgment as a Matter of Law (Doc. 58) and Motion for Status (Doc 59) are **denied** as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court provide Petitioner with a copy of the form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S. C. §§ 2254 or 2255.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, should the Petitioner file a Certificate of Appealability and leave to proceed *in forma pauperis*, the Court will decline to issue such certificate because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that this case shall remain closed.

Dated this 17th day of September, 2018.

Honorable Diane J. Humetewa
United States District Judge